Present:  Carrico, C.J., Compton, Stephenson, Whiting,[1] Lacy, and Keenan, JJ., and Poff, Senior Justice

STEPHEN WAINGER

OPINION BY JUSTICE ROSCOE B. STEPHENSON, JR.
September 15, 1995

v.  Record No. 941615

GLASSER & GLASSER

FROM THE CIRCUIT COURT OF THE CITY OF NORFOLK
John E. Clarkson, Judge

In this litigation between a law firm and one of its former partners, we determine when contingent legal fees have been "fully earned" within the meaning of the firm's partnership agreement.

On June 24, 1992, Stephen Wainger filed a declaratory judgment proceeding against Glasser & Glasser, a law firm in the City of Norfolk, seeking an accounting to establish the balances of his capital account and undivided profits account and a judgment for any amounts due him as a result of his withdrawal from the firm.  Wainger also sought a construction of the partnership agreement declaring that he is entitled to a 6/91 share of the undivided profits from final, nonappealable consent judgments and final settlements obtained against The Manville Corporation Asbestos Disease Compensation Fund (the Manville Trust) prior to his withdrawal (the Manville Trust fees).  In addition, Wainger claims a right to a 10% bonus for those cases against the Manville Trust that he handled personally.

---

[1]Justice Whiting participated in the hearing and decision of this case prior to the effective date of his retirement on August 12, 1995.

On the same date, Glasser & Glasser filed a declaratory judgment proceeding against Wainger, asking the trial court to determine that Wainger was not entitled to the Manville Trust fees or to any other fees not fully earned prior to his withdrawal from the firm. Glasser & Glasser also sought a judgment against Wainger in the amount of $188,580.10, claiming that Wainger had been paid in excess of his agreed annual maximum draw.

The trial court consolidated the two actions, and, because no material facts were genuinely in dispute, each party moved for partial summary judgment. The trial court entered summary judgment in favor of Glasser & Glasser, holding that Wainger was not entitled to share in the Manville Trust fees because the fees had not been "fully earned" at the time of his withdrawal. Additionally, the trial court ruled, in the alternative, that Wainger was barred from collecting any such fees, even if fully earned, by the provision in the partnership agreement that limited his share of the firm's profits. Wainger appeals.

The relevant facts are undisputed. In May 1987, Wainger was employed by Glasser & Glasser as an associate attorney, and, on January 1, 1990, he became a partner in the firm, subject to the written partnership agreement.

Wainger voluntarily withdrew from the firm, effective January 21, 1992. Pursuant to Article IX of the partnership agreement, a withdrawing partner was to be paid for his interest

in the partnership on the following basis:

      Item A.  Any unpaid monthly draw, and additional compensation (as described in Paragraph 3 of Section B, Article IV).

      Item B.  His Capital Account.

      Item C.  His Undivided Profits Account, plus his share, if any, of any undivided profits of the firm with respect to uncollected fees which were _fully_ earned by the firm prior to the . . . effective date of his . . . withdrawal . . . , but which fees are received by the firm subsequent to such date.

(Emphasis in original.)

Since 1976, Glasser & Glasser has represented clients with claims against various asbestos manufacturers, including The Manville Corporation.  All these clients employed Glasser & Glasser on a contingent fee basis, evidenced by written agreements.  Generally, these agreements provided that Glasser & Glasser would receive a fee of one-third of the gross amount recovered for the client.  The agreements further provided the following:

      It is understood and agreed that this employment is upon a contingent fee basis, and, if no recovery is made, [the client] will not be indebted to [Glasser & Glasser] for any sums whatsoever as attorney fees, although [the client] will be indebted to [Glasser & Glasser] for all unpaid costs incurred.

In 1982, The Manville Corporation filed a voluntary petition for reorganization pursuant to the United States Bankruptcy Code.  This filing led, in 1988, to the creation of the Manville Trust, which was funded to pay all uncompensated asbestos claimants on behalf of The Manville Corporation.

In the summer of 1990, while Wainger was a partner in the

- 3 -

firm, Glasser & Glasser obtained in favor of its asbestos clients final, nonappealable consent judgments against the Manville Trust. The Manville Trust, however, did not agree to pay the judgments; to the contrary, it was understood that the Manville Trust would resist payment of any judgment or any attempt by the judgment creditors to execute on the Manville Trust's assets. Consequently, protracted litigation and negotiations ensued in an effort to collect on the consent judgments, and Glasser & Glasser did not recover for its asbestos clients any money from the Manville Trust until January 1994, approximately two years after Wainger's withdrawal from the firm.[2]

Wainger contends that the Manville Trust fees were fully earned when the firm obtained the final, nonappealable consent judgments. Wainger, relying upon DR 2-105(C) of the Virginia Code of Professional Responsibility,[3] asserts that the claims

_____

[2]In July 1990, Glasser & Glasser was enjoined by a federal district court in New York from executing on the consent judgments. Then, in November 1990, the Manville Trust filed a class action, together with a proposed settlement, in federal district court in New York, seeking to restructure its assets and claim resolution procedures, and, in the summer of 1991, the proposed settlement was approved. In December 1992, however, the federal appellate court held that the settlement must be set aside, and the federal district court again restrained execution on the judgments.

In June 1993, Glasser & Glasser, counsel for the Manville Trust, and others negotiated a lump sum payment of the consent judgments, discounted for present value. In July 1993, the federal district court ordered payment by the Manville Trust of the discounted judgments, and, on January 11, 1994, the federal appellate court upheld the order to pay such sums. Later in January 1994, the Manville Trust paid the discounted judgments.

[3]Disciplinary Rule 2-105(C) provides, in pertinent part, as follows:

upon which the contingent fees were based were liquidated by entry of the consent judgments and, therefore, that there <u>accrued</u> to Glasser & Glasser, at that time, the right to its full contingent fee.

Glasser & Glasser contends, on the other hand, that a contingent fee is not "fully earned" until the firm has effected a recovery, <u>i.e.</u>, payment in the event of settlement, trial, or appeal. We agree with Glasser & Glasser.

We reject Wainger's contention that DR 2-105(C) determines when a contingent fee is "fully earned." The purpose of the Rule is to ensure that a contingent fee agreement states clearly how the amount of the attorney's fee is to be calculated. The Rule does not deal with the conditions precedent to which an attorney and a client may agree regarding when a fee is earned.

We also reject Wainger's contention that the Manville Trust fees accrued upon the entry of the consent judgments. Traditionally, in personal injury cases, a client employs an attorney on a contingent fee basis. Under such an arrangement, a percentage of the amount of money actually recovered is paid to the attorney as compensation for services rendered. If nothing
(..continued)

> A contingent fee agreement shall state the method by which the fee is to be determined, including the percentage or percentages that shall accrue to the lawyer in the event of settlement, trial, or appeal, expenses to be deducted from the recovery, and whether expenses are to be deducted before or after the contingent fee is calculated.

- 5 -

is recovered, however, the attorney receives no fee. This is precisely the arrangement to which Glasser & Glasser and its asbestos clients agreed in the present case. As previously noted, the employment contracts provided that, "if no recovery is made, [the client] will not be indebted to [Glasser & Glasser] for any sums whatsoever as attorney fees." Thus, the fee is contingent upon a recovery of money, and is not, as Wainger contends, contingent merely upon a settlement or judgment.

In the present case, Glasser & Glasser had not recovered any money for its asbestos clients from the Manville Trust prior to Wainger's withdrawal from the firm. The record shows that Glasser & Glasser expended considerable time and effort during the two years subsequent to Wainger's withdrawal before effecting a recovery. Consequently, we conclude that the trial court properly ruled that the Manville Trust fees and the bonus had not been "fully earned" prior to the time of Wainger's withdrawal.[4]

Accordingly, we will affirm the trial court's judgment.

<u>Affirmed</u>.

---

[4] Given our decision that the Manville Trust fees were not "fully earned," we need not consider the provision in the partnership agreement that limited Wainger's share of the firm's profits.